**LIGON v. JACKSON et al.    (No. 8627.)**

(Court of Civil Appeals of Texas. Dallas. March 11, 1922.)

**Chattel mortgages ⬤═291—Mortgage extinguished by sale thereunder.**

Mortgagee, who purchased mortgaged property at foreclosure sale and redelivered it to mortgagor under new agreement without causing mortgagor to execute a new mortgage, could not, on mortgagor's default in payments under new agreement, have goods again sold under the mortgage; the mortgage having been completely extinguished by the sale at which he was the purchaser before redelivery of property to the mortgagor.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by T. H. Ligon against G. H. Jackson and others. From a decree dissolving a temporary injunction, plaintiff appeals. Reversed and remanded, with instructions.

Baskett & De Lee, of Dallas, for appellant. W. T. Henderson, of Dallas, for appellees.

HAMILTON, J. This is an appeal from a decree dissolving a temporary injunction against a foreclosure proceeding. Suit was brought by Jackson originally for debt and foreclosure of a chattel mortgage upon a player piano. Judgment was entered in this suit on February 8, 1917. This judgment decreed foreclosure and sale.

It seems that execution and order of sale were issued under this judgment, and on the 9th day of August, 1917, returned unexecuted; the officer's return bearing the notation that it was not executed because the plaintiff's attorney requested that it should not be.

We gather from the record that thereafter, on the 22d day of November, 1917, the mortgaged property was levied upon and sold by the sheriff of Dallas county for the sum of $75, and that this amount, less the court costs, was credited on the judgment. The appellee Jackson was the purchaser at the sale.

After Jackson had bought the property under execution and order of sale, and after having received possession of it from the sheriff, which possession was accompanied by a bill of sale executed to him by the sheriff, he delivered it to appellant Ligon under some character of understanding by which it seems to have been agreed that Ligon was to make monthly payments until an amount equal to the balance of the judgment had been paid.

The statement of facts exclusively embodies only a series of pleadings, judgments, and various entries by the judge, the clerk of the court, and the sheriff, made in connec-

---

tion with and incidental to the suit. There is nothing in the record to reveal the terms of the agreement which resulted in the redelivery of the piano to appellant beyond what is contained in an original petition filed by appellee some time after the purchase by him at the foreclosure sale, following which purchase, as aforesaid, the agreement was made and the property delivered into appellant's possession.

The petition of which we speak above recited that the piano was redelivered to appellant with the understanding:

"That as far as these parties were concerned the judgment would stand as recovered on the 8th day of February, 1917, as though no order of sale had been issued thereunder or same sold, or that when or should defendant pay off and satisfy said judgment by monthly installments of $10 each, then and in that event the judgment herein would be canceled by the plaintiff, but that should the defendant fail, neglect, or refuse to pay said installments, or any one of them, when due, then and in that event plaintiff had the right, power, and authority to take possession of the said piano in cancellation of said judgment. That the defendant has made payments on said judgment at various and sundry times, as evidenced by credits thereon in the sum of $208.92. That he has failed and refused to make further payments, though same are due, and that he has failed and refused to deliver said piano to plaintiff, or allow plaintiff to take possession thereof."

It was also alleged, in the alternative, that the transaction under which the piano was redelivered to appellant was a sale, and that a verbal mortgage against it was retained. The suit instituted by this petition was answered by appellant, and was regularly tried and disposed of by a judgment of the court, the portion of which of interest in this connection is as follows:

"On this, the 5th day of September, A. D. 1919, the above styled and numbered cause being regularly reached on the docket of said court, and the same being called for trial, came the plaintiff and the defendant by their attorneys respectively, no jury having been demanded, all matters in controversy of fact as well as of law were submitted to the court, and the court, having heard the pleadings and the evidence and considered the same, is of the opinion that judgment should be rendered for the plaintiff.

"It is therefore ordered, adjudged and decreed by the court that the judgment rendered heretofore, to wit, on the 8th day of February, A. D. 1917, in favor of G. H. Jackson, plaintiff, against T. H. Ligon, defendant in this court, and the foreclosure of a chattel mortgage lien on one Hinze player piano No. 81912, as fully described in plaintiff's petition in the records of this court, and that the sale of the said player piano by an officer of Dallas county, Tex., under an order of sale, was by the agreement of the plaintiff and defendant set aside and held for naught, and that the judgment lien against said player piano is still alive

238 S.W.—65

and valid, and that an order of sale issued directed to the sheriff or any constable of Dallas county, Texas, or any other county where said property may be found, directing him to seize and sell said property in satisfaction of said judgment heretofore rendered on the 8th day of February, 1917, and if said property cannot be found, or if the proceeds of the sale thereof be insufficient to satisfy said judgment, to make the money or any amount thereof remaining unpaid out of any other property of the defendant as in the case of an ordinary execution."

A sale of the property under an execution and order of sale authorized by this judgment was enjoined at appellant's instance. From an order dissolving this preliminary injunction the case is appealed to this court.

We have related enough of all the proceedings from the beginning of the first suit to reflect the following: (1) That the original chattel mortgage was foreclosed by the first judgment entered; (2) that under the order of sale based upon that foreclosure judgment the piano was sold and delivered to appellee by the sheriff, who at the time of the sale, according to his return, executed a bill of sale to appellee; (3) that by virtue of a new and independent transaction between the parties the property passed into appellant's possession again; (4) that thereafter an independent suit was instituted, which resulted in the judgment last quoted from, in which still another order of sale of the same property already once validly sold under the first sale was decreed, the continued existence of the original mortgage being presumed by the court in the face of the fact that its extinction had been accomplished by the former foreclosure and sale.

This statement of the various proceedings suffices to disclose the invalidity of a sale under the last judgment. The original mortgage was completely extinguished by the sale under the first judgment. Appellee acquired the unqualified title and ownership through his purchase from the sheriff. If he again sold to appellant, he could not, in such sale, revitalize this same mortgage, which already had been satisfied, and which, as was the case, became obliterated when the title was passed to him by the sheriff.

Of course he could have retained a verbal mortgage when he again sold the property to appellant, if, in fact, he did again sell it to appellant. But such verbal mortgage must be founded upon the agreement and understanding between the parties made at the time of the last sale. This proposition presents a question of fact which was not disposed of under the record before us. The other fact question which necessarily precedes or accompanies this one for determination is not determined by the record. That question is as to whether or not any sale at all was ever made by appellee to appellant after the purchase at foreclosure sale by the

former. There is no evidence in the record which even tends to the establishment of either of these facts, both of which seem essential as determinative of any right of foreclosure and sale in appellee.

The judgment dissolving the preliminary injunction against appellees Jackson and Harston, sheriff, is reversed, and the cause is remanded, with instructions to proceed to a final judgment upon the rights of the parties with reference to a ,perpetual injunction as prayed for; it being ordered that in the meantime the temporary injunction remain in full force and effect.

Reversed and remanded.